UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN HENDRICKS,

        Petitioner,               Case Number: 2:08-CV-12884

v.                                    HON. LAWRENCE P. ZATKOFF

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Melvin Hendricks, a state inmate currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for possession with intent to deliver 225 to 649 grams of cocaine and felony firearm. Respondent argues that the petition was not timely filed and, therefore, should be denied.

**I.**

On January 9, 2003, Petitioner pleaded guilty in Wayne County Circuit Court to possession of 225 to 649 grams of cocaine with intent to deliver and felony firearm. On February 7, 2003, he was sentenced to five to ten years imprisonment on the possession with intent to deliver conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner did not file a timely appeal in the Michigan Court of Appeals. *See People v. Hendricks*, No. 02-8850, slip op. at 1 (Wayne County Circuit Court Aug. 30, 2005) (noting that Petitioner failed to file a timely appeal of his conviction on direct review).

On February 24, 2005, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *Id.* Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Court of Appeals denied leave to appeal. *People v. Hendricks*, No. 272764 (Mich. Ct. App. May 18, 2007). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Hendricks*, No. 134414 (Mich. Nov. 29, 2007).

On June 30, 2008, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed an answer in opposition arguing that the petition should be denied because it was not timely filed.

## II.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner seeks state-court collateral review of a conviction tolls the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner did not file a direct appeal in the Michigan Court of Appeals. His convictions, therefore, became final on February 7, 2004, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). The one-year limitations period applicable to habeas corpus petitions commenced on February 8, 2004, and continued to run, uninterrupted, until February 8, 2005.

Petitioner sought state collateral review of his convictions by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until February 24, 2005, after the limitations period already had expired. Accordingly, the petition is untimely. Petitioner does not argue that he is entitled to equitable tolling of the limitations period, and the Court discerns no basis for such an argument.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 20, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290